cisions, in sustaining attachments. The reason of not allowing them against a sheriff is, that generally the party has a summary remedy against the officer, and can force the money out of his hands, notwithstanding the attachment. He has no opportunity of pleading it, and he might thus be subjected to pay the money twice. But here all the executions are satisfied, and the balance now in Herdman's hands is there as money had and received to the use of the defendant, and for which an action would lie at his suit. He could not rule the sheriff to bring the money into court. It is in fact not in his hands as sheriff, though it came there as such. It cannot be recovered from him in a summary way, or otherwise than by suit, in which he would have the opportunity of pleading this attachment in his defence.

Rule discharged.

*Wales,* in support of the rule.
*Gray,* contra.

---

## JOHN RUTH *vs.* JAMES LUNNEY.

A justice of the peace cannot give judgment merely on the allegations of the parties; he must require *proof.*

CERTIORARI to Justice Robinson.

The action was on an order given by the supervisor of the roads to Lunney, on Ruth the collector, and the propriety of the judgment in the case depended on the question whether the order had been accepted. On the subject of proof, the record showed that no testimony was heard, and that the cause was decided by the justice on the "allegations" of the parties. On this ground the judgment was

Reversed.

*Gray,* for plaintiff in error.
*Rodney,* for defendant.

---

## JUSTIS and EGNOR *vs.* LINDSAY.

The writ of certiorari limited to *five* years after judgment.

CERTIORARI to Justice Robinson.

Judgment entered 13th March, 1830. *Scire facias* issued 24th August, 1835.

*The Court* said, that as to any exceptions which applied to the original judgment, the plaintiff in error was too late, according to the